IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 06-cv-02574-WDM-BNB

SANDRA L. TOLLIVER, as personal representative of the Estate of Jennifer Sue Jones a/k/a Jennifer S. Jones,

Plaintiff,

v.

ROY B. TRUE, and
THE TRUE LAW FIRM, LLC,

Defendants.
_____

**ORDER**
_____

This case was set for a scheduling conference at 10:00 a.m. today. Counsel for the plaintiff appeared for the conference, but Roy B. True, acting *pro se* and as counsel for his law practice, failed to appear.

Mr. True vigorously has resisted a scheduling conference in this case. By an order dated January 10, 2007, I set the case for a scheduling conference on February 15, 2007. Thereafter, I was informed through the *Plaintiff's Motion for Order Compelling Rule 26(f) Conference [etc.]* [Doc. # 10, filed 1/25/2007] that Mr. True indicated that he preferred that a scheduling conference not occur until after the Court's ruling on his Motion to Compel Arbitration and Motion to Dismiss.

On January 26, 2007, I ordered the parties to conduct their Rule 26(f) conference "immediately in anticipation of the scheduling conference to be held on February 15, 2007, at 10:00 a.m." I warned Mr. True that my January 10 order was "an order of the court, not merely a

suggestion," and that "[a]bsent a subsequent order countermanding its requirement . . . I expect compliance with the January 10 order, as with all of my orders." *Order* [Doc. # 12, filed 1/26/2007], at p.2.  Mr. True responded by filing an objection to my order of January 10, 2007 [Doc. # 20, filed 2/02/2007]; a motion for protective order pursuant to Fed. R. Civ. P. 26(c) "staying all discovery in this case until the Court rules on defendant's motion to compel arbitration" [Doc. # 25, filed 2/7/2007]; an amended objection to my order of January 10, 2007 [Doc. # 27, filed 2/7/2007]; and a letter which the Clerk of the Court has filed as a motion to reschedule the scheduling conference [Doc. # 35, filed 2/14/2007].  This last document was filed at 4:45 p.m. on February 14, 2007, and states:

> The Court has not ruled on the motion for protective order.  If the court rules on the motion for protective order prior to February 15, 2007, I will not be able to obtain a flight to Denver in time for the scheduling conference.  Therefore, I request that the Court reschedule the scheduling conference so that I can attend.

*Motion* [Doc. # 35, filed 2/14/2007].  It is obvious that this motion was filed late in the afternoon of the day before the scheduling conference in an effort to prevent the scheduling conference from occurring.

Mr. True is engaged in abusive conduct, and I intend to nip it in the bud.

First, as is clear from my order of January 20, 2007, an order of the court remains in full force until it is countermanded by a subsequent order.  The filing of an objection with the district judge does not stay the effect of my order.  See Esparza v. Bridgestone/Firestone, Inc., 200 F.R.D. 654, 656 (D. Colo. 2001).

Second, the filing of a motion for protective order does not act to stay a scheduling conference.  As local rule of practice 30.2, D.C.COLO.LCivR, makes clear, a motion for

2

protective order filed pursuant to Fed. R. Civ. P. 26(c) and 30(d) stays "the discovery to which the motion is directed. . . ." It does not, however, stay a hearing specifically set by the court.

Third, it is improper for a litigant or attorney to communicate with the court by letter. Local rule 77.2, D.C.COLO.LCivR, provides:

> In the absence of previous authorization, no attorney or party to any proceeding shall send letters, pleadings, or other papers or copies directly to a judicial officer. Unless otherwise instructed, all matters to be called to a judicial officer's attention shall be submitted through the clerk, with copies served on all other parties or their attorneys. No attorney or party shall contact orally a judicial officer regarding any case by telephone, in person, or through any other means, unless all other parties in the matter, or their attorneys, are present or on the telephone.

Local rule 10.1, D.C.COLO.LCivR, prescribes the format for papers to be filed with the court. The purported motion to vacate the scheduling conference is one of several instances where Mr. True has ignored these rules.

Fourth, local rule of practice 7.1A, D.C.COLO.LCivR, provides that "[t]he court will not consider any motion other than a motion under Fed. R. Civ. P. 12 or 56, unless counsel for the moving party or a *pro se* party, before filing the motion, has conferred or made reasonable, good faith efforts to confer with opposing counsel or a *pro se* party to resolve the disputed matter." Mr. True's purported motion to reschedule the scheduling conference [Doc. # 35] fails to provide a certificate of compliance with local rule 7.1A, and I assume that no such conference occurred.

I understand that Mr. True believes that neither discovery nor initial disclosures should occur prior to a ruling on his motion to stay and to compel arbitration. That issue is put squarely before the court by his motion to stay discovery. [Doc. # 25.] And while Mr. True may ultimately prevail on that motion and discovery may be stayed, the filing of the motion to stay does not

excuse Mr. True from appearing at hearings set by the court, including the scheduling conference.

By this order, I am setting this case for a telephone status conference on February 20, 2007, at 1:00 p.m.  In view of Mr. True's previously conduct in frustrating hearings by filing objections and motions to reset, I want to make it clear that the status conference will occur unless I enter a subsequent order vacating it.  An objection to this order will not stay the status conference, nor will a motion to reschedule it.  I caution Mr. True that his failure to participate in the status conference as ordered may result in the imposition of sanctions.

IT IS ORDERED that a **telephone status conference** is set for **February 20, 2006, at 1:00 p.m.**  Plaintiff's counsel shall initiate a telephone conference call a few minutes prior to 1:00 p.m., join Mr. True in the conference call, and then join the court at 303-844-6408.

IT IS FURTHER ORDERED that prior to the date and time of the conference call, Mr. True shall contact plaintiff's counsel and inform them of where and how he may be joined in the conference call.

IT IS FURTHER ORDERED that Mr. True's failure to comply with this order may result in the imposition of sanctions.

IT IS FURTHER ORDERED that the Clerk of the Court is directed to serve this order on all counsel through electronic service and by facsimile.

Dated February 15, 2007.

BY THE COURT:

 s/ Boyd N. Boland  
United States Magistrate Judge