IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 06-cv-02574-WDM-BNB

SANDRA L. TOLLIVER, as personal representative of the Estate of Jennifer Sue Jones a/k/a Jennifer S. Jones,

Plaintiff,

v.

ROY B. TRUE, and
THE TRUE LAW FIRM, LLC,

Defendants.
_____

# ORDER
_____

This matter is before me on **Defendants [sic] Motion to Stay Magistrate Judge's Order Denying Defendants' Motion for Protective Order Staying Discovery** [Doc. # 61, filed 4/11/2007] (the "Motion to Stay"). The Motion to Stay is repetitive of a motion previously denied, lacks merit, and is DENIED.

On March 9, 2007, I entered an order granting in part and denying in part the Defendants' Motion to Stay Discovery [Doc. # 25]. *Order* [Doc. # 55, entered 3/9/2007]. The defendants had requested a stay of all discovery pending a ruling by the district judge on their Motion to Compel Arbitration and Motion to Dismiss [Doc. # 3]. I allowed discovery on matters related to the enforceability of the arbitration clause and stayed discovery on the merits of the claims, stating:

> The motion to stay discovery is granted in part and denied in part as follows: I'm going to allow discovery on the issues of the execution of the retainer agreement, the capacity of the individual who signed

> it, the issues of undue influence, fraud [in the] inducement, duress, unclean hands and the relationship, if any, between True and Lillard.
>
> I'm going to grant the motion to stay only with respect to discovery on the issues of the standard of care and damages.
>
> First, some discovery is necessary on issues concerning the validity and enforceability of the arbitration clause. The enforceability of the clause, as distinguished from the contract generally, is reserved for judicial determination and is not something to be determined by the arbitrator under 9 U.S.C. § 4 and under Prima Paint, 388 U.S. 395.
>
> So, for example, here I find there is a dispute as to whether Jones signed the engagement letter and had capacity at the time she signed it, if she did, and those issues go both to the entire contract and the specific agreement to arbitrate and are for judicial determination according to our circuit court in Spahr v. SECCO, 330 F.3d 1266 at 1273.
>
> \* \* \*
>
> In addition, at issue here are the issues of undue influence, fraud [in the] inducement, duress and unclean hands and maybe other things. And these issues, like capacity, go to the issue of the enforceability of both the contract and the arbitration clause and under Spahr are to be decided judicially and not by the arbitrator.
>
> But even if I'm wrong and these issues are different from capacity, I find that they are inextricably intertwined factually with the capacity issues. Consequently, if I allow discovery on the issue of capacity, which I will and have, judicial economy is promoted and served by allowing discovery on all intertwined issues. And my decision to allow discovery on all of these intertwined issues is supported by Toppings v. Meritech Mortgage, 140 F. Supp. 2d 683 [(S.D.W.Va. 2001)], and Kincaid v. Commercial Credit Corp., 1999 WL 33510175 [(S.D.W.Va. Nov. 16, 1999)].

*Transcript* [Doc. # 60, filed 3/30/2007] at pp.2-3.

In addition, I balanced the factors identified in String Cheese Incident, LLC v. Stylus Shows, Inc., 2006 WL 894955 *2 (D. Colo. March 30, 2006), to be considered in ruling on a

2

motion to stay--(1) plaintiff's interests in proceeding expeditiously with the civil action and the potential prejudice to plaintiff of a delay; (2) the burden on the defendants; (3) the convenience to the court; (4) the interests of persons not parties to the civil litigation; and (5) the public interest-- and found that allowing discovery on the enforceability issue but imposing a stay of discovery on the standard of care and damages issues was appropriate. *Transcript* at pp.4-6. In considering the String Cheese Incident factors, I was particularly concerned about the effects of a stay on the availability of reliable evidence; I noted the fact that motions to dismiss are denied more often than they are granted; and I recognized the general rule in this district that motions to stay discovery are not granted merely due to the pendency of a motion to dismiss. Id.

The defendants objected to my Order of March 9. The instant motion seeks to stay the effect of that order allowing limited discovery pending a ruling by the district judge on the defendants' objection.

In Esparza v. Bridgestone/Firestone, Inc., 200 F.R.D. 654 (D. Colo. 2001), I reviewed the law concerning the propriety of a stay of discovery pending a ruling by the district judge on an objection, and held:

> Nothing in the local rules provides that an objection to the district judge of my discovery order automatically extends the stay provided by local rule 30.1B, and the plain language of the rule is to the contrary. Nor has any party directed me to any controlling authority holding that a discovery order of a magistrate judge is subject to an automatic stay pending the determination by a district judge of an objection to that order. . . .
>
> Those courts that have considered the issue have held that the filing of an objection does not automatically stay the magistrate judge's order.
>
> \* \* \*
>
> Sound policy also dictates that the automatic stay created by

3

> D.C.COLO.LCivR 30.1B should not be extended to the period between the ruling on a discovery motion by a magistrate judge and the determination by a district judge of an objection to that ruling. Otherwise, as the court noted in the National Excess case [139 F.R.D. 401, 404 (D.N.M. 1991)], parties could use the objection process simply as a device to further delay discovery and to derail the preparation of a case for trial, regardless of the merits of the objection. Such misuse of the objection process would further burden district judges and, in this time of congested dockets, enormously delay bringing cases to trial. Nothing, of course, prevents a party in a n appropriate case from seeking a stay of the effect of a magistrate judge's order. Upon an adequate showing, such a stay no doubt would be granted by either the magistrate judge or the district judge.

Id. at 656-57.

The Motion to Stay seeks a discretionary stay, as is anticipated in Esparza. I already have ruled, however, that this case is not appropriate for a stay of discovery, applying essentially the same factors as the defendants urge in the instant motion. See *Transcript* at pp.4-6.

In general, a stay of proceedings pending review of an objection by the district judge is not appropriate:

> [A]llowing the automatic stay of a [magistrate judge's] orders would not only encourage the filing of frivolous [objections], but would grind the [magistrate judge] system to a halt.

Litton Industries, Inc. v. Lehman Bros. Kuhn Loeb, Inc., 124 F.R.D. 75, 79 (S.D.N.Y. 1989). In addition:

> Discovery matters have been delegated to the magistrate judges in order to promote judicial efficiency and speedy resolution of pre-trial disputes. . . . Ill-considered "strategic" objections to a magistrate judge's orders threaten to undermine these goals and do a disservice to the parties, who presumably are themselves primarily interested in a speedy resolution of their disputes.

Nations Excess Ins. Co. v. Civerolo, Hansen & Wolf, P.A., 139 F.R.D. 401, 404 (D.N.M. 1991).

4

Here, the defendants' principal reason for seeking a stay is general disagreement with my initial order. That is not a basis for the issuance of a stay.

The defendants argue that one interrogatory served by the plaintiff may call for information that is subject to the attorney-client privilege and that other requests may seek information protected from disclosure under HIPAA. The defendants have not provided me with copies of the discovery served on them, however, so I can make no determination concerning whether the requests are proper. See D.C.COLO.LCivR 37.1 (requiring that a motion for protective order directed to interrogatories or requests under Fed. R. Civ. P. 33 or 34 must set forth verbatim the interrogatory, request, and response to which the motion is directed). In any event, that some of the discovery requests may seek information not discoverable does not justify a stay of all discovery. To the contrary, the defendants may object to that discovery which requires the disclosure of privileged information, but they must answer all other discovery.

The defendants threaten that if a stay is not granted, "[a] lengthy and expensive discovery battle will ensue. . . ." *Motion to Stay* at p.7. Although I recognize that the defendants have the right to resist discovery of privileged information, I previously have found that defendant Roy B. True has engaged in "abusive conduct." *Order* [Doc. # 37, filed 2/15/2007] at p.2. I reiterate the obligation of the parties to confer in good faith about discovery disputes, see Hoelzel v. First Select Corp., 214 F.R.D. 634, 635-36 (D. Colo. 2003), and I caution the defendants that I will not tolerate abusive discovery conduct.

The defendants want this litigation to be stayed until the district judge rules on their Motion to Compel Arbitration and Motion to Dismiss [Doc. #3]. I understand that. I have

refused to grant a complete stay, however. Until that decision is reversed by the district judge, if it is, the defendants must comply with my orders.

IT IS ORDERED that the Motion to Stay is DENIED.

IT IS FURTHER ORDERED that the plaintiff's request for sanctions, contained in their response, is DENIED.

Dated May 3, 2007.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge