IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
JUDGE WALKER D. MILLER

Civil Action No. 06-cv-02574-WDM-BNB

SANDRA L. TOLLIVER,

    Plaintiff,

v.

ROY B. TRUE, and
THE TRUE LAW FIRM, LLC, a Missouri limited liability company,

    Defendants.

---

**ORDER ON MOTIONS TO CERTIFY ORDER FOR APPEAL AND FOR EXTENSION OF TIME TO FILE NOTICE OF APPEAL**

---

Miller, J.

This matter is before me on two motions filed by Defendants. First, Defendants ask that one of Magistrate Judge Boyd N. Boland's orders be certified for appeal to the Tenth Circuit Court of Appeals pursuant to 28 U.S.C. § 1292(b). Second, Defendants seek an extension of time to file a notice of appeal pursuant to § 1292(a). As discussed below, both motions will be denied.

1.     <u>Motion to Certify for Appeal to the Tenth Circuit Pursuant to § 1292(b)</u>

On May 2, 2007, Magistrate Judge Boland issued an order denying Defendants' motion to stay discovery. Defendants have filed an objection to that order pursuant to Fed. R. Civ. P. 72(a), and this objection is still pending. Now, Defendants seek immediate appeal of Magistrate Judge Boland's order to the Tenth Circuit, pursuant to § 1292(b). However, Defendants present no legal authority, and develop no argument

why appeal to the Tenth Circuit is necessary or appropriate prior to my ruling on their pending objections. Therefore, this motion will be denied.

2.   Motion for Extension of Time

Defendants seek an extension of time to appeal Magistrate Judge Boland's May 3, 2007, order pursuant to § 1292(a). Even assuming that a magistrate's order is appealable pursuant to § 1292(a) and that Judge Boland's order is the type that can be appealed under this subsection, I find that Defendants have failed to demonstrate good cause or excusable neglect. Therefore, this motion will be denied.

Pursuant to Rule 4(a) of the Federal Rules of Appellate Procedure, a notice of appeal must be filed with the district clerk within 30 days of entry of the judgment or order that a party is appealing. However, the district court may extend the time upon a showing of "excusable neglect or good cause" if a party moves for an extension no later than 30 days after the appeal time has expired. Fed. R. App. P. 4(a)(5). Factors I may consider to determine whether excusable neglect justifies an extension of time include "the danger of prejudice to the non-moving party, the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." *Bishop v. Corsentino*, 371 F.3d 1203, 1206 (10th Cir. 2004) (citation omitted). The time for taking an appeal should not be extended in the absence of circumstances that are "unique and extraordinary." *Id.* at 1207. The good cause standard applies "in situations in which there is no fault - excusable or otherwise. In such situations, the need for an extension is usually occasioned by something that is not within the control

of the movant." *Id.* (citing Fed. R. App. P 4(a)(5) advisory committee notes (2002 Amendments)).

Defendants give only one reason an extension of time is necessary — that Defendant True's father had surgery on May 29, 2007. This does not meet the standard for excusable neglect or good cause. A notice of appeal is a simple pleading that does not require extensive legal research, and Defendants do not elaborate on how this surgery prevented them from filing either prior to or after the surgery.

Accordingly, it is ordered:

1. Defendants' motion to certify pursuant to § 1292(b), filed May 4, 2007 (Docket No. 68), is denied.

2. Defendants' motion for an extension of time to file a notice of appeal, filed June 6, 2007 (Docket No. 83), is denied.

DATED at Denver, Colorado, on June 12, 2007.

BY THE COURT:


s/ Walker D. Miller
United States District Judge