IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 06-cv-02574-WDM-BNB

SANDRA L. TOLLIVER, as personal representative of the Estate of Jennifer Sue Jones a/k/a
Jennifer S. Jones,

Plaintiff,

v.

ROY B. TRUE, and
THE TRUE LAW FIRM, LLC,

Defendants.

_____

**ORDER**
_____

This matter is before me on **Plaintiff's Motion to Compel and Request for Sanctions**

[Doc. # 74, filed 5/21/2007] (the "Motion to Compel").  I ruled orally on the Motion to Compel

during a hearing this morning, and my oral rulings are incorporated here.  In summary and for the

reasons stated on the record this morning:

IT IS ORDERED that the Motion to Compel is GRANTED with respect to

Interrogatories No. 1, 2, 3, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, and 17; and is GRANTED with

respect to Requests for Production No. 1, 2, 3, 4, 5, 6, 7, and 8.

IT IS FURTHER ORDERED that the defendants shall serve full and complete responses

to this discovery on or before **September 27, 2007**.

IT IS FURTHER ORDERED that the Motion to Compel is DENIED with respect to

Interrogatories No. 4, 5, and 6.

IT IS FURTHER ORDERED that the plaintiff's request for sanctions is GRANTED.  The

plaintiff is awarded the fees and costs associated with bringing the Motion to Compel.  Plaintiffs'

counsel shall prepare a fee application and provide it to Mr. True on or before **September 27,**

**2007**.  The fee application must include a statement of the amount of fees and costs sought; a

supporting affidavit establishing the necessity and reasonableness of the fees and costs; and copies

of contemporaneous time records supporting the fees sought.  The parties thereafter shall confer

in an attempt to reach agreement on the fee application.  If the parties have not agreed and the

amount of fees and costs has not been received by plaintiff's counsel on or before October 5,

2007, at 5:00 p.m., the plaintiff shall submit the fee application for court action, if at all, by the

close of business on **October 8, 2007**.

This award of attorney fees is supported by the provisions of Fed. R. Civ. P. 37(a)(4)(C)

and by the fact that I find that the boilerplate objections to the discovery requests for which I have

compelled responses were interposed for the improper purpose of delay.  The defendants

previously threatened that if a stay of discovery was not granted and if I allowed discovery to

proceed, "[a] lengthy and expensive discovery battle will ensue. . . ." *Defendants Motion to Stay*

*Magistrate Judge's Order (etc.)* [Doc. # 61, filed 4/11/2007] at p.7.  The defendants did resist

discovery, as threatened, requiring the Motion to Compel and this order.  Although I recognize

that the defendants have the right to resist discovery in an appropriate instance, I find here that the

defendants have engaged in abusive conduct for the improper purpose of delay.  I previously

found that defendant Roy B. True was engaged in "abusive conduct." *Order* [Doc. # 37, filed

2/15/2007] at p.2, and I have cautioned the defendants that I will not tolerate abusive discovery

conduct.  *Order* [Doc. # 67, filed 5/3/2007] at p.5.  I again caution the defendants that I will not

tolerate abusive discovery conduct.  Failure by the defendants to fully comply with this order may

result in the imposition of sanctions, which may include the exclusion of evidence, the imposition

of negative inferences, and judgment by default.

Dated September 13, 2007.

BY THE COURT:

 s/ Boyd N. Boland
United States Magistrate Judge