IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Walker D. Miller

Civil Action No. 06-cv-2574-WDM-BNB

SANDRA D. TOLLIVER

    Plaintiff,

v.

ROY B. TRUE,
THE TRUE LAW FIRM, LLC, a Missouri limited liability company,,

    Defendants.

---

**ORDER ON MOTION TO EXTEND AND
MOTION TO DISMISS**

---

Miller, J.

This matter is before me Plaintiff's Motion to Extend Date for Entry of Dismissal Without Prejudice (Docket No. 130) and Defendant's Motion to Dismiss (Docket No. 133). This cases was administratively closed on September 28, 2007 pending the resolution of arbitration proceedings. (*See* Docket No. 127). The Order provided that "[i]f no action is taken to reopen this case on or before September 28, 2008, the case will be dismissed without prejudice without any further notice to any party." *Id.* On September 28, 2008, Plaintiff filed her motion to extend which seeks a thirty day extension of that deadline. Defendants object to such an extension arguing that this Court does not have jurisdiction to enter such an order, that Plaintiff has not shown good cause for extension of the deadline, and that Plaintiff did not confer with

PDF Final

Defendant prior to filing the motion as required by D.C.COLO.LCivR 7.1A.[1]  Defendants also filed a motion to dismiss (Docket No. 133) arguing that the deadline to reopen had passed and, although Plaintiff filed a motion for an extension of time, she did not file a motion to reopen, and, therefore, dismissal without prejudice was appropriate.

After reviewing the parties' pleadings, I conclude that an extension of time is warranted in this case.  First, I note that this Court certainly retains jurisdiction over its own docket and the prior order specifically indicated that the Court was "retain[ing] jurisdiction until arbitration has been completed."  Second, although Plaintiff did not state in her motion that she complied with D.C.COLO.LCivR 7.1A, there is no evidence that Defendants will suffer prejudice should the motion be granted.  Third, Plaintiff has provided an adequate reason for a relatively short extension—that settlement negotiations are ongoing.  Furthermore, as I have concluded that an extension of time is warranted, Defendants' motion to dismiss is no longer appropriately argued and should be denied without prejudice to the filing of a similar motion after the new deadline has passed.

Accordingly, it is ordered

1. Plaintiff's Motion to Extend Date for Entry of Dismissal Without Prejudice (Docket No. 130) is granted.

---

[1] D.C.COLO.LCivR 7.1A provides:
Duty to Confer. The court will not consider any motion, other than a motion under Fed. R. Civ. P. 12 or 56, unless counsel for the moving party or a *pro se* party, before filing the motion, has conferred or made reasonable, good-faith efforts to confer with opposing counsel or a *pro se* party to resolve the disputed matter. The moving party shall state in the motion, or in a certificate attached to the motion, the specific efforts to comply with this rule.

2. The deadline to reopen the case is now October 28, 2008. If no action is taken to reopen this case on or before this date, the case will be dismissed without prejudice without any further notice to any party.

3. Defendants' Motion to Dismiss (Docket No. 133) is denied without prejudice.

DATED at Denver, Colorado, on October 1, 2008.

BY THE COURT:

s/ Walker D. Miller
United States District Judge